IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv292

| | |
|---|---|
| RUTHERFORD COUNTY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BOND SAFEGUARD )<br>INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 8]; the Motion to Intervene [Doc. 11] filed by GreyRock Community Association, Inc. ("the Association"); and the Magistrate Judge's Memorandum and Recommendation [Doc. 23], filed on December 3, 2009, regarding these Motions.

I.     FACTUAL AND PROCEDURAL BACKGROUND

In this action, the Plaintiff Rutherford County seeks to recover on seven Surety Performance Bonds ("bonds") related to a failed residential development in Rutherford County known as "GreyRock at Lake Lure" ("GreyRock"). [Complaint, Doc. 1 at ¶4]. The Plaintiff is the named obligee

under the bonds, and the Defendant is the named surety. The face amount of the bonds is approximately $26 million. [Id.].

The Plaintiff alleges that GreyRock's developer, LR Buffalo Creek, LLC, failed to perform as required by the written Performance Guarantee Agreements, and that much of the development, including agreed-to improvement such as roads, remains undeveloped. [Id.]. Since the developer abandoned the project in 2008, the Plaintiff has made written demand for the Defendant to honor its bonds by either completing the development or paying to the Plaintiff the principal amount of the bonds. [Id.]. When the Defendant refused to do so, this lawsuit followed.

On September 11, 2009, the Defendant moved to dismiss this action, arguing that a bill passed by the North Carolina Legislature, entitled "The Permit Extension Act of 2009" (N.C. Session Law 2009-406), effectively gives the Defendant additional time to develop the subdivision, and therefore this action is premature. [Doc. 9 at 2]. The Plaintiff filed an opposition to the Defendant's motion on September 24, 2009. [Doc. 16].

On September 24, 2009, the Association filed a motion seeking to intervene in this matter as of right in order to represent the interests of the 459 GreyRock Planned Community lot owners who are mandatory

members of the Association. [Doc. 11 at 2-3]. The Defendant filed an opposition to the Association's motion on October 14, 2009. [Doc. 21].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider these motions. On December 3, 2009, the Magistrate Judge entered a Memorandum and Recommendation [Doc. 23], recommending that the Defendant's Motion to Dismiss [Doc. 8] be denied without prejudice and that the Association's Motion to Intervene [Doc. 11] be granted.

The Defendant filed Objections to the Magistrate Judge's Memorandum and Recommendation on December 17, 2009, but only with respect to his recommendation that the Association should be allowed to intervene in this matter. [Doc. 24]. The Defendant makes no specific objections to the Magistrate Judge's Recommendation that the Motion to Dismiss be denied. The Association filed a Response to the Defendant's Objections on January 4, 2010. [Doc. 25]. Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. ANALYSIS

The Association seeks to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, which provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the

> movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). In order to prevail on a motion to intervene as of right, a proposed intervenor must demonstrate that: "(1) it has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (3) that interest is not adequately represented by the existing parties." Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986) (quoting Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Ass'n, 646 F.2d 117, 120 (4th Cir. 1981)).

In the present case, the Magistrate Judge concluded that the Association had satisfied each of these elements. [Doc. 23 at 10-15]. In its Objections, the Defendant does not appear to contest the Magistrate Judge's proposed findings that the Association meets the first and second prongs of the test for intervention as of right – namely, that the Association has a sufficient interest in this litigation and that the outcome of this action may impair or impede the Association's ability to protect that interest.[1]

---

[1] While it is apparently uncontested that the Association has a sufficient interest in this litigation to warrant intervention, the origin of this interest remains unclear. The Association argues in its motion that it has standing to intervene in this litigation pursuant to N.C. Gen. Stat. § 47F-3-102(4) (granting a lot owners' association the power to "[i]nstitute, defend, or intervene in litigation . . . on matters affecting the

5

Having carefully reviewed the Magistrate Judge's Memorandum and Recommendation with respect to these two elements, the Court concludes that the Magistrate Judge's proposed findings and conclusions in this regard are supported by the record and are consistent with current case law. Thus, the only issue that remains is whether the Magistrate Judge was correct in concluding that the Association has demonstrated that its interest is not adequately represented by the existing parties in this case.

"When the party on whose side a movant seeks to intervene is pursuing the same result that the movant is urging, a presumption arises that the movant's interest is adequately represented, so that the movant must show 'adversity of interest, collusion, or nonfeasance.'" <u>JLS, Inc. v. Pub. Serv. Comm'n of W. Va.</u>, 321 F. App'x 286, 289 (4th Cir. 2009) (quoting <u>Virginia v. Westinghouse Elec. Corp.</u>, 542 F.2d 214, 216 (4th Cir.

---

planned community"); however, the claims that the Association seeks to assert against the Defendant in its proposed Complaint are based on theories that it is an intended third party beneficiary of the bonds and that it has been defrauded by the Defendant. In ruling herein that the Association has a sufficient interest in this litigation to warrant intervention, the Court makes no ruling as to the viability of such claims, as they are not yet before the Court.

The Court does question whether the Tenth Claim for Relief asserted in the Association's proposed Complaint, which seeks a declaratory judgment "regarding the rights and relations of the parties" with regard to "any and all funds paid to Rutherford County under the Bonds" [Doc. 13 at ¶101], is a claim against the Plaintiff, such that the complete diversity necessary for this Court to maintain subject matter jurisdiction has been destroyed. All parties, therefore, will be asked to provide additional briefing to the Court within thirty (30) days of the entry of this Order to address whether subject matter jurisdiction still exists if this claim is asserted.

1976)). The movant need not show, however, "that the representation by existing parties will *definitely* be inadequate in this regard." JLS, 321 F. App'x at 289 (emphasis added). Rather, the movant need demonstrate only "that representation of his interest 'may be' inadequate." Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). The Supreme Court has described the movant's burden in this regard as "minimal." Id.

In the present case, the Magistrate Judge found that adversity of interest exists between the Plaintiff and the Association in two respects. First, the Magistrate Judge noted that "[i]t is conceivable that in the absence of the intervenor, plaintiff may compromise its claims and either take a lesser amount on the bonds or allow completion of the infrastructure in a less expensive manner that would result in greater maintenance costs for the proposed intervenor and reduce property values for its members." [Doc. 23 at 13]. The Magistrate Judge did not err in this finding. As the Association is statutorily obligated under Chapter 47F of the North Carolina General Statutes to maintain the common areas of the development, any such compromise by the Plaintiff could cause economic harm to the Association, in that completion of the infrastructure in a less expensive

manner may result in greater maintenance costs or reduce property values for the members of the Association. Additionally, such a result is entirely plausible, considering that the Plaintiff is a rural county with a limited tax base and will likely be required to limit the funds expended on litigating this matter.

Second, the Magistrate Judge found that there is a potential ambiguity as to whether the County has an explicit obligation to use the bond funds solely for the construction of roads and other improvements within the development. [Doc. 23 at 13-14]. Considering the recent budget shortfalls of local and state governments across North Carolina, the Court agrees with the Magistrate Judge that it is not implausible that the County could prefer to use a portion of the funds recovered under the bonds for general budgetary expenses rather than construction of GreyRock's infrastructure. Although the Defendant argues that the bonds themselves as well as the Subdivision Regulations of Rutherford County explicitly require that any bond funds be used for construction of the subdivision's infrastructure, the Plaintiff may very well disagree with this assessment, in light of the fact that the Subdivision Regulations provide that upon payment of the bonds, "the county shall expend *such portion of said funds as it*

8

*deems necessary to complete all or any portion of the required improvements.*"  [Rutherford County Subdivision Regulations § 704.1(2), Doc. 24-1 at 13] (emphasis added).

For these reasons, the Court concludes that the Magistrate Judge did not err in finding that the Association had made the required "minimal" showing of adversity to justify its intervention in this case.

The Defendant further objects to the Recommendation, arguing that the Magistrate Judge erred in failing to consider the fraud claim asserted by the Association in its proposed complaint.  Specifically, the Defendant contends that allowing this fraud claim to be inserted in this action would greatly complicate the litigation and will undoubtedly slow or completely derail resolution of the underlying bond issues.  [Doc. 24 at 7-8].  While the Court is always mindful of issues of judicial economy, such concerns have no effect on the Court's analysis of whether the Association may intervene as a matter of right in this action.  See In re Sierra Club, 945 F.2d 776, 779 (4th Cir. 1991) (holding district court abused its discretion in denying intervention as of right based on concerns of judicial economy, as Rule 24(a) affords such concerns "no weight").  Accordingly, the Defendant's objection in this regard is overruled.

## IV. CONCLUSION

After a careful review of the Magistrate Judge's Recommendation regarding the Defendant's Motion to Dismiss, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation [Doc. 23] that the Defendant's Motion to Dismiss [Doc. 8] be denied without prejudice.

Furthermore, having conducted a *de novo* review of those portions of the Magistrate Judge's Recommendation to which specific objections were filed, and having independently evaluated the factors relevant to determining whether the Association's intervention as of right would be proper, the Court further concludes, for the reasons stated in the Magistrate Judge's Memorandum, that the Association's Motion to Intervene [Doc. 11] should be allowed.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss [Doc. 8] is **DENIED**, but such denial is without prejudice so as to permit the Defendant to raise the Permit Extension Act of 2009 in support

of a motion for summary judgment or as an affirmative defense, if such can be done in accordance with Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Motion to Intervene [Doc. 11] is **ALLOWED**, and GreyRock Community Association, Inc. is hereby allowed to intervene as of right in this matter as an intervenor plaintiff. The Intervening Complaint shall be filed within seven (7) days of the entry of this Order.

**IT IS FURTHER ORDERED** that all parties shall provide to the Court additional briefing, not to exceed ten (10) pages each, within thirty (30) days of the entry of this Order to address whether subject matter jurisdiction still exists if GreyRock Community Association, Inc. asserts a claim for declaratory judgment against all parties in this action.

**IT IS SO ORDERED.**

Signed: May 31, 2010

Martin Reidinger
United States District Judge