# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:09cv292

| | |
|---|---|
| RUTHERFORD COUNTY, )<br>)<br>Plaintiff, )<br>)<br>GREYROCK COMMUNITY )<br>ASSOCIATION, INC., )<br>)<br>Plaintiff-Intervenor, )<br>)<br>Vs. )<br>)<br>BOND SAFEGUARD INSURANCE CO., )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on defendant's Motion to Dismiss Complaint of Intervenor-Plaintiff (#33), which was filed on June 23, 2010. On July 126, 2010, plaintiff-intervenor filed its Amended Complaint. See Docket Entry #36. The same day, plaintiff-intervenor filed their 25-page Response and Objection to Motion to Dismiss (#37). By amending their Complaint in intervention within 21 days of defendant's Motion to Dismiss, see Fed.R.Civ.P. 15(a), the Motion to Dismiss became moot as a matter of law. Taylor v. Abate, 1995 WL 362488, *2

-1-

(E.D.N.Y.1995)[1] ("Defendants' motion to dismiss is addressed solely to the original complaint.... Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ⋯ became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same). The plaintiff-intervenor's 25-page response was, therefore, not required.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#33) is **DENIED** without prejudice as moot and plaintiff-intervenor Response and Objection (#37) is **STRICKEN.**

Signed: July 13, 2010



Dennis L. Howell
United States Magistrate Judge

---

[1] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.